1

2

3

4   **UNITED STATES DISTRICT COURT**

    **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7   **JOHN LABRUCE KING,**                              **Case No.: 13-CV-00051 YGR**

8         **Plaintiff,**                                **ORDER DENYING *EX PARTE* APPLICATION
                                                         FOR A TEMPORARY RESTRAINING ORDER**
9

10        **vs.**

11  **HUCK HENSLEY *et al.*,**

12        **Defendant(s).**

13

14          Plaintiff John Labruce King has filed an *Ex Parte* Application for T.R.O. & Complaint for

15  A.D.A. to prevent an eviction from taking place.  Plaintiff alleges that he was provided 60 days notice

16  to move out of commercial property, which he uses as an office and part-time residence.  Plaintiff

17  wishes to remain in his office and requests that this Court issue a temporary restraining order to

18  prevent eviction.  Other than alleging that he was provided 60 days notice to move by December 31,

19  2012, there is no indication of when the eviction will take place absent an injunction.

20          For the reasons set forth below, the Court **DENIES** Plaintiff's *Ex Parte* Application for a

21  Temporary Restraining Order.

22          Rule 65 of the Federal Rules of Civil Procedure requires that actual notice must be given to the

23  opposing party of the intention to seek a TRO, the date and time for the hearing and the nature of the

24  relief requested.  Unless notice is provided, the moving party must provide a certified showing of

25  extraordinary circumstances why such notice could not have been given.  *Reno Air Racing Ass'n, Inc.*

26  *v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006).  Here, the Court has not been provided with any

27  declaration showing why such notice could not have been given.  Additionally, there is no indication

28  of when the eviction will take place so as to justify the emergency relief requested.  Further, this is a

*United States District Court*
*Northern District of California*

1   commercial property and there has been no showing that monetary damages are an inadequate

2   remedy.  A TRO is a drastic remedy and accordingly can only be given under proper circumstances.

3          Therefore, the request is **DENIED**.

4          **IT IS SO ORDERED.**
    **Date:**  January 4, 2013

5   _____
    **YVONNE GONZALEZ ROGERS**
6   **UNITED STATES DISTRICT COURT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

Northern District of California

2