**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN LABRUCE KING,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**HUCK HENSLEY,** *et al.*,<br><br>    **Defendants.** | Case No.: 13-CV-051 YGR<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff John Labruce King ("Plaintiff") has filed a second "Emergency Ex Parte Application for Temporary Restraining Order and Permanent Injunction To Stop In-Progress Retaliatory Eviction of Elderly Disabled Petitioner for Assertion of A.D.A. Civil Rights" ("Application for TRO"). (Dkt. No. 8.) Plaintiff attaches a proof of service indicating that he has served the Application for TRO on at least one defendant, Brian Hall. No opposition has been filed.

Having carefully considered the papers submitted and the complaint in this action, and for the reasons set forth below, the Court hereby **DENIES** the Application for TRO.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors, specifically, that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

1 equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources*
2 *Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

3   With respect to the success on the merits and balance of harms factors, courts will permit a
4 plaintiff making a strong showing on one factor to offset a weaker showing on the other, so long as
5 all four factors are established. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th
6 Cir. 2011). For example, if the balance of hardships tips *sharply* in plaintiff's favor, she may
7 satisfy the likelihood of success factor by showing that there are at least "serious questions"
8 favoring the merits of her claim. *Id.* However, even a lesser showing of a "serious question"
9 requires evidence that the plaintiff "has a fair chance of success on the merits." *Sierra On-Line,*
10 *Inc. v. Phoenix Software. Inc.,* 739 F.2d 1415, 1421 (9th Cir. 1984).

11   Here, Plaintiff has not satisfied any of the four factors. Plaintiff has not demonstrated that
12 he will suffer irreparable harm in the absence of injunctive relief. As the Court previously noted,
13 the dispute concerns a commercial property and Plaintiff's showing is insufficient to demonstrate
14 that monetary damages would be inadequate. Based on a review of the papers submitted in
15 connection with this Application for TRO, as well as the previous similar application (*See* Dkt. No.
16 1 and 3), Plaintiff has not demonstrated a "fair chance" that he will succeed on his claims that his
17 eviction from his office is in retaliation for asserting his rights under the Americans With
18 Disabilities Act and a breach of his rental contract. Moreover, the "Three Day Notice Quit
19 (Nuisance)," filed as Exhibit D to the Application for TRO, indicates that Plaintiff is committing or
20 allowing the commission of a nuisance on the premises, is using the premises as a primary
21 residence rather than an office, contrary to California law, and is engaged in other conduct on the
22 premises that interferes with the business of other tenants. Thus, the balance of equities and public
23 interest do not favor injunctive relief. Accordingly, the Application for TRO must be and is
24 **DENIED**.

25   **IT IS SO ORDERED**.
**Date: January 15, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2